UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY K. WILLIAMS,

    Petitioner,

Case No. 4:18-cv-12804
Hon. Matthew F. Leitman

v.

DUNCAN MACLAREN,

    Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING CASE

Anthony K. Williams, ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction. Petitioner has filed a motion to hold the petition in abeyance so that he can exhaust additional claims in the state courts. The Court grants the motion to hold the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to exhaust his additional claims. If this fails, the Court will reopen the petition and adjudicate only those claims that are raised in the original petition.

A state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Petitioner wishes to exhaust additional claims. A federal district court is authorized to stay

fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007). To avoid problems with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005).

    The Court holds the petition in abeyance. Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See e.g. Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. If petitioner fails to comply with the conditions of the stay, the Court will reopen the case and adjudicate only those claims raised by petitioner in his original petition.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 19, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764